IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ELBERT LEE WILLIAMS,<br><br>    Petitioner,<br><br>v.<br><br>JOSE MORALES, Warden,<br><br>    Respondent. | Civil Action No. 7:11-CV-54 (HL) |

## ORDER

On April 25, 2011, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 2) seeking to challenge the validity of the May 28, 2010 revocation of his probation in the Superior Court of Thomas County. On May 3, 2011, the Court entered an order (Doc. 4) dismissing the petition without prejudice, as it appeared from the caption that the petition was meant to be filed in a Georgia superior court, not a federal court, and also because Petitioner had not exhausted his remedies in state court. Judgment dismissing the case was entered on May 4, 2011 (Doc. 5).

Petitioner filed a notice of appeal (Doc. 6) from the Court's order and judgment dismissing his petition. On October 17, 2011, Petitioner moved to proceed *in forma pauperis* on appeal (Doc. 8). On October 25, 2011, the Court entered an order construing the notice of appeal as a motion for a certificate of appealability, which it denied, and finding moot the request to proceed *in forma pauperis* on appeal (Doc. 10).

Petitioner has now filed the following motions: Motion for Mandamus (Doc. 11); Motion for New Trial (Doc. 13); Motion for Reconsideration (Doc. 14); and Motion for Out of Time Appeal (Doc. 15).

In his Motion for Mandamus (Doc. 11), Petitioner states: "I am asking the Court to grant this request in a timely manner if the Court will allow at this time." It is not clear from the Motion why Petitioner is seeking a writ of mandamus. Attached to the Motion is an exhibit which references the May 3, 2011 order in which the Clerk of Court was directed to return the original filing to Petitioner. If it has not been done so already, the Clerk is ordered to return Petitioner's original habeas petition to him at the address listed on the docket. The Motion for Mandamus is granted for that limited purpose. For all other purposes it is denied.

Petitioner's next motion is a Motion for New Trial (Doc. 13). That Motion is denied. There was never a trial held in this case, and thus there is no basis for having a new trial.

In his Motion for Reconsideration (Doc. 14), Petitioner states: "I am asking the Court to grant this reconsideration do to the neglect of the Clerk sended me Court days when the Case was dismissed." Petitioner has not specified a previous order which should be reconsidered, and his request for reconsideration is nonsensical. The Motion for Reconsideration (Doc. 14) is denied.

Petitioner's final motion is a Motion for Out of Time Appeal (Doc. 15). After the entry of final judgment on May 4, 2011, Petitioner had 30 days to file a notice of

appeal. Fed.R.App.P. 4(a)(1)(A); 28 U.S.C. § 2107(a). He failed to do so, and instead filed an untimely notice of appeal.[1] Petitioner now requests an out of time appeal. Federal Rule of Appellate Procedure 4(a) includes two provisions that address a district court's authority to extend the time to file a notice of appeal - subsection (5) (Motion for Extension of Time) and subsection 6 (Reopening the Time to File an Appeal). Fed.R.App.P. 4(a)(5)-(6). Petitioner does not specify which part of Rule 4 he relies on, but his request fails under both.

Rule 4(a)(5) provides that the district court may extend the time to file a notice of appeal if: (1) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (2) regardless of whether the motion is filed before or during the 30 days after the time prescribed by Rule 4(a) expires, the party shows excusable neglect or good cause. Fed.R.App.P. 4(a)(5)(A)(i)-(ii). Petitioner did not file his motion within the 30-day period after the expiration of the Rule 4(a) period, and has not shown excusable neglect or good cause. There is no basis for relief under Rule 4(a)(5).

Rule 4(a)(6) allows the district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if the following conditions are all met: (1) the court finds that the moving party did not

---

[1] The notice of appeal was docketed by the Clerk of Court on September 23, 2011. The Court cannot tell from the filing when Petitioner submitted the notice to prison authorities for mailing, as the document is dated September 7, September 13, and September 20, 2011 in various places, and the envelope containing the notice was not docketed. Using any of these dates, however, the notice is still untimely.

receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed.R.App.P. 4(a)(6)(A)-(C). Petitioner cannot meet all three requirements for relief under Rule 4(a)(6). Petitioner does not contend he did not receive the order and judgment within 21 days after entry, and in any event, the pending Motion was not filed within 180 days after the judgment was entered. The Court is not authorized to reopen the time to file a notice of appeal past the 180-day period provided by Rule 4(a)(6). *See* Petrola v. United States, 422 Fed. Appx. 773, 776 (11th Cir. 2011).

The Motion for New Trial (Doc. 13), Motion for Reconsideration (Doc. 14), and Motion for Out of Time Appeal (Doc. 15) are all denied. The Motion for Mandamus (Doc. 11) is granted for the limited purpose of the Clerk of Court returning Petitioner's original habeas filing to him. The Motion for Mandamus is denied for all other purposes.

**SO ORDERED**, this the 22nd day of November, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh